FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2003 OCT 27  P 2: 23

| | |
|---|---|
| CHARLES CARR | : |
| | : PRISONER CASE NO. |
| v. | : 3:03-cv-527 (JCH) |
| | : |
| BRIAN MURPHY | : OCTOBER 27, 2003 |

## RULING AND ORDER

Plaintiff, Charles Carr ("Carr"), currently incarcerated at the Garner Correctional

Institution in Newtown, Connecticut, filed this civil rights action pro se and in forma

pauperis pursuant to 28 U.S.C. § 1915.[1] He names as defendant Warden Brian Murphy.

Carr alleges that defendant Murphy refused to order medical staff to perform an MRI to

assess his back and neck injuries after he slipped and fell on a wet floor. He seeks $25,000

for pain and suffering. For the reasons that follow, the amended complaint is dismissed.

## I.    STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time

if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a

claim on which relief may be granted; or . . . seeks monetary relief against a defendant who

is immune from such relief." 28 U.S.C. § 1915 (e)(2)(B)(i) - (iii). Thus, the dismissal of

---

[1] On May 19, 2003, the court determined that Carr had not included in his original complaint any statement of his claim against the defendant and ordered him to file an amended complaint describing his claim against defendant Murphy and including evidence that he exhausted his administrative remedies with regard to that claim. Carr filed his amended complaint on May 28, 2003.

a complaint by a district court under any of the three enumerated sections in 28 U.S.C. §

1915(e)(2)(B) is mandatory rather than discretionary. See Cruz v. Gomez, 202 F.3d 593,

596 (2d Cir. 2000).

"When an in forma pauperis plaintiff raises a cognizable claim, his complaint may

not be dismissed sua sponte for frivolousness under § 1915(e)(2)(B)(i) even if the

complaint fails to 'flesh out all the required details.'" Livingston v. Adirondack Beverage

Co., 141 F.3d 434, 437 (2d Cir. 1998) (quoting Nance v. Kelly, 912 F.2d 605, 607 (2d

Cir. 1990).

> An action is frivolous when either: (1) the factual contentions
> are clearly baseless, such as when allegations are the product of
> delusion or fantasy; or (2) the claim is based on an
> indisputably meritless legal theory. A claim is based on an
> indisputably meritless legal theory when either the claim lacks
> an arguable basis in law, or a dispositive defense clearly exists
> on the face of the complaint.

Livingston, 141 F.3d at 437 (internal citations and quotations omitted). The court

exercises caution in dismissing a case under § 1915(e) because a claim that the court

perceives as likely to be unsuccessful is not necessarily frivolous. See Neitzke v. Williams,

490 U.S. 319, 329 (1989).

A district court must also dismiss a complaint if it fails to state a claim upon which

relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii) provides that the court "shall dismiss

the case at any time if the court determines that . . . (B) the action or appeal . . . (ii) fails to

state a claim upon which relief may be granted." See also Gomez, 202 F.3d at 596 (the

"Prison Litigation Reform Act . . . redesignated § 1915(d) as § 1915(e) and provided that

dismissal for failure to state a claim is mandatory"). In reviewing the complaint, the court

"accept[s] as true all factual allegations in the complaint" and draws inferences from these

allegations in the light most favorable to the plaintiff. Id. at 596 (citing King v. Simpson,

189 F.3d 284, 287 (2d Cir. 1999)). Dismissal of the complaint under section

1915(e)(2)(B)(ii) is only appropriate if "it appears beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle him to relief." Id. at 597

(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

In addition, "unless the court can rule out any possibility, however unlikely it might

be, that an amended complaint would succeed in stating a claim," the court should permit

"a pro se plaintiff who is proceeding in forma pauperis" to file an amended complaint that

states a claim upon which relief may be granted. Gomez v. USAA Fed. Sav. Bank, 171

F.3d 794, 796 (2d Cir. 1999).

A district court also is required to dismiss a complaint if the plaintiff seeks monetary

damages from a defendant who is immune from suit. See 28 U.S.C. § 1915(e)(2)(B)(iii);

Spencer v. Doe, 139 F.3d 107, 111 (2d Cir. 1998) (affirming dismissal pursuant to §

1915(e)(2)(B)(iii) of official capacity claims in § 1983 action because "the Eleventh

Amendment immunizes state officials sued for damages in their official capacity").

3

In order to state a claim for relief under section 1983 of the Civil Rights Act, Carr must satisfy a two-part test. First, he must allege facts demonstrating that each defendant acted under color of state law. Second, he must allege facts demonstrating that he has been deprived of a constitutionally or federally protected right. Lugar v. Edmondson Oil Co., 457 U.S. 922, 930 (1982); Washington v. James, 782 F.2d 1134, 1138 (2d Cir. 1986).

## II.    FACTS

In his amended complaint Carr alleges the following sequence of events. On October 14, 2001, he slipped on a puddle of water as he was leaving the cafeteria and fell. Officer Diaz saw Carr fall and immediately called a "Code White," signaling a medical emergency. Carr was unable to move because of a "stiffness in [his] back and neck." The medical response team slowly lifted Carr to a stretcher and brought him to the medical department for observation. Carr was kept under observation in the medical unit for one week. X-rays were negative. Carr asked medical staff to perform an MRI, but his request was denied. Carr wrote numerous inmate requests to defendant Murphy seeking an MRI. Defendant Murphy told Carr that treatment decisions are made by the medical department.

## III.   DISCUSSION

### A.    Officer Diaz

In the section of the form describing the parties, Carr includes Officer Diaz as a defendant, but in the case caption, he names only Warden Murphy. Federal Rule of Civil

4

Procedure 10(a) requires that the names of all parties appear in the case caption of a

complaint. Thus, Officer Diaz is not properly named as a defendant in this case.

Even if Officer Diaz were a defendant in this case, however, any claim against him

should be dismissed. It is settled law in this circuit that, in a civil rights action for

monetary damages against a defendant in his individual capacity, a plaintiff must

demonstrate the defendant's direct or personal involvement in the actions which are alleged

to have caused the constitutional deprivation. See Wright v. Smith, 21 F.3d 496, 501 (2d

Cir. 1994). "A supervisor may not be held liable under section 1983 merely because his

subordinate committed a constitutional tort." Poe v. Leonard, 282 F.3d 123, 140 (2d Cir.

2002). Instead, a supervisor may be found liable only for "his deliberate indifference to the

rights of others by his failure to act on information indicating unconstitutional acts were

occurring" or "for his gross negligence in failing to supervise his subordinates" who

commit the unconstitutional acts, "provided that the plaintiff can show an affirmative

causal link between the supervisor's inaction and [his] injury." Id. at 140. The doctrine of

*respondeat superior* is inapplicable in section 1983 cases. See Blyden v. Mancusi, 186 F.3d

252, 264 (2d Cir. 1999); see also Monell v. New York City Dep't of Soc. Servs., 436 U.S.

658, 692-95 (1978).

Carr states only that Officer Diaz witnessed the accident and summoned medical

assistance. Carr has not alleged any facts suggesting that Officer Diaz violated any

5

constitutionally or federally protected right, was a member of the medical staff, or had any

involvement in the incident other than summoning emergency medical care. Because the

court can discern no basis upon which Carr could amend his complaint to state a claim

against Officer Diaz, all claims against Officer Diaz are dismissed and the court need not

afford Carr the opportunity to file a second amended complaint.

**B.     Warden Murphy**

**1.     Exhaustion**

The court directed Carr to provide evidence that he exhausted his administrative

remedies with regard to his claim against defendant Murphy. Carr has failed to

demonstrate exhaustion.

The administrative remedies for the Connecticut Department of Correction are set

forth in Administrative Directive 9.6. A disagreement about medical diagnosis or

treatment historically was not covered by the grievance process. In October 2002,

however, Directive 9.6, section 6C, entitled Treatment and Diagnosis Review, was added.[2]

---

[2]Although Carr's original complaint is dated October 14, 2001, he has attached an inmate
grievance with response dated January 8, 2003. Thus, he could not have filed his complaint, by
mailing it to the court, prior to the October 2002 amendment. See Dory v. Ryan, 999 F.2d 679,
682 (2d Cir. 1993) (holding that a *pro se* prisoner complaint is deemed filed as of the date the
prisoner gives the complaint to prison officials to be forwarded to the court) (citing Houston v.
Lack, 487 U.S. 266, 270 (1988)).

This section provides:

> If an inmate wishes to appeal a medical diagnosis or prescribed treatment, the inmate shall request a Physician Sick Call Appointment at no cost to the inmate. This appointment will provide the inmate an opportunity to discuss the issue with the Physician. The contents of this meeting, to include the final decision on diagnosis and/or treatment, shall be explicitly documented in the inmate's medical file. Only one appeal per diagnosis and/or treatment shall be permitted.

Carr has not provided any evidence that he requested a Physician Sick Call Appointment to discuss his request for an MRI. The only evidence provided is a December 2002 health emergency grievance, attached to the original complaint, in which Carr stated that he continued to experience pain. He requested no specific action, such as scheduling an MRI, in the grievance. The grievance was compromised. The reviewing nurse stated that Carr had been provided medication on December 26, 2002, and noted that Carr could sign up for sick call if he experienced no improvement after completing the prescribed medication. Thus, Carr has not provided any evidence that he has exhausted his administrative remedies regarding his request for an MRI. Accordingly, the amended complaint also is dismissed, after notice, for failure to exhaust administrative remedies before commencing this action. See, e.g., Porter v. Nussle, 534 U.S. 516, 532 (2002); Berry v. Kerik, 2003 WL 22208791 at *2 (2d Cir. Sept. 25, 2003).

## 2.    Substantive Claims

In the amended complaint, Carr states that Warden "Murphy is responsible for

plaintiff's alleged injuries because he runs the institution. He and his administration is liable for anything that occurs in the facility." Am. Compl. §D. This statement indicates that Carr has named defendant Murphy because of his supervisory role. However, as discussed above, the doctrine of *respondeat superior* is inapplicable in a section 1983 action. See Blyden, 186 F.3d at 264; see also Poe, 282 F.3d at 140. Thus Carr cannot hold Murphy liable simply because of his supervisory position.

Nor has Carr alleged facts that defendant Murphy himself committed a constitutional tort. Carr alleges that he asked Murphy to arrange for an MRI and was told that medical decisions are handled by the medical staff. Prison officials are entitled to rely on and defer to the expertise of the medical staff. See, e.g., Cuoco v. Moritsugu, 222 F.3d 99, 110-12 (2d Cir. 2000) (holding that it was objectively reasonable for Warden, Health Services Administrator and prison psychologist, each of whom lacked medical degree, to disregard request for hormones in the face of withdrawal symptoms); Williams v. Cearlock, 993 F. Supp. 1192, 1197 (C.D. Ill. 1998) ("Prison administrators, having no medical expertise, must rely on health care professionals to assess the needs of prisoners and initiate treatment."); Saunders v. Horn, 960 F. Supp. 893, 896 (E.D. Pa. 1997) ("high-level officials cannot be held liable for Eighth Amendment violations when the officials rely on expertise of professional staff that they themselves lack"); Zingmond v. Harger, 602 F. Supp. 256, 260-61 (N.D. Ind. 1985) (holding that because prison administrators are not

8

licensed medical practitioners and lack medical expertise, their deferral to and reliance on the opinions of prison doctors regarding treatment is sufficient to insulate them from any liability for an Eighth Amendment violation).

Carr alleges only that defendant Murphy referred Carr's requests for an MRI to the medical staff. He does not allege that defendant Murphy had any medical expertise that would cause him to question the medical decision to deny an MRI. Thus, Carr also fails to allege a cognizable claim for supervisory liability against defendant Murphy.[3]

## IV.    CONCLUSION

The complaint is DISMISSED without prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). The Clerk is directed to enter judgment and close this case.

## SO ORDERED.

Dated this 27th day of October, 2003, at Bridgeport, Connecticut.

Janet C. Hall
United States District Judge

---

[3]Carr has not named any members of the medical staff as defendants. Thus, the court does not consider whether he could state an Eighth Amendment claim against any medical staff member for deliberate indifference to a serious medical need.